CHAS. OBST *v.* THE CITY OF LOUISVILLE.

**Municipal Corporations—Improvement Contract—Manner of Execution.**
The law will not imply an obligation on the part of the city to pay for work procured to be done by the city's officers, unless the contract has been executed and approved as provided by the charter and the general ordinance regulating the manner in which such contracts shall be made.

**Municipal Corporations—Approval of Engineer's Report—Liability of City.**
The approval of the report of the city engineer and the issual of a warrant for the value of work done, does not commit the city to payment therefor, unless the work was undertaken as provided by the city charter and the general ordinance regulating the manner in which such contracts shall be made.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 20, 1873.

37

OPINION BY JUDGE LINDSAY:

The chancellor was compelled to refuse appellant relief as against the city of Louisville. The contract clearly and unmistakably sets out the work to be done. The city engineer had no power to settle its terms, nor to authorize appellant to do more work than the city had employed him to do. His good faith can not change the law.

The city of Louisville can bind itself by contracts for the improvement of its streets in but one way, and that is pointed out by its charter. The law will imply no obligation upon the part of the the charter and the general ordinance regulating the manner in which city to pay for work procured to be done by the city's officers, unless the contract has been executed, signed, and approved as provided by such contracts shall be made. *Murphy v. City of Louisville,* Manuscript Opinion, 1872.

The rules of law applicable to private corporations do not in matters of this kind apply to municipal or public corporations.

The approval of the engineer's report, and the issual of the warrant against Richardson for the value of the work did not commit the city to its payment.

That the general council, with the approval of mayor, might make an appropriation of the city treasury to pay for the extra work, done at the instance of the city engineer, may be conceded, but inasmuch as no such appropriation has been made, the courts have no power to interfere.

The judgment must be *affirmed.*

*Harrison, for appellant.*

*Burnett, for appellee.*